[Cite as *State v. Robison*, 2011-Ohio-5999.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 11CA0010-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KYLE R. ROBISON | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 10CR0264 |

DECISION AND JOURNAL ENTRY

Dated: November 21, 2011

BELFANCE, Presiding Judge.

{¶1} Kyle Robison appeals his conviction for escape. For the reasons set forth below, we affirm.

I.

{¶2} Officer Richard Valek responded to a call reporting a disturbance. When he arrived at the home of Mr. Robison's brother, with whom Mr. Robison was staying, Officer Valek discovered Katie Arena, Mr. Robison's girlfriend, drunk and yelling in the middle of the street. Officer Valek attempted to speak with Ms. Arena, but she fell down and attempted to crawl away from him. Officer Valek then encountered Mr. Robison, who had come out of his brother's house. Officer Valek testified that he ordered Mr. Robison back into the house and that Mr. Robison "disappeared from [Officer Valek's] sight." Officer Valek then called for backup because both Mr. Robison and Ms. Arena appeared intoxicated.

{¶3}    Mr. Robison returned and refused to comply with Officer Valek's orders to sit in the grass.  Ranger Timothy Garris arrived to provide Officer Valek with support and observed Mr. Robison approaching Officer Valek.  He pulled his cruiser between Officer Valek and Mr. Robison, exited his vehicle, and asked what was going on.  Officer Valek told Ranger Garris that Mr. Robison was under arrest, and so, at Officer Valek's request, Ranger Garris handcuffed Mr. Robison and put him in the back of his cruiser.  Ranger Garris then went to help Officer Valek extricate Ms. Arena from some thorn bushes into which she had crawled.

{¶4}    Hearing a door slam, the officers looked over at Ranger Garris' vehicle and saw that Mr. Robison had exited the vehicle.  Ranger Garris rushed over and took Mr. Robison to the ground.  Officer Valek assisted Ranger Garris in subduing Mr. Robison, and they put him in Officer Valek's cruiser.  By this time, more law enforcement officers had arrived on the scene.  They checked the locking mechanism on Ranger Garris' vehicle and determined that it was functional.  Ultimately, they surmised that Mr. Robison must have gotten out of the cruiser by crawling through the opening in the Plexiglas barrier that separated the front-seat area from the rear-seat area.

{¶5}    A jury acquitted Mr. Robison of assaulting a police officer but found him guilty of escape.  The trial court sentenced him to three years of community control.  Mr. Robison has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

"THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE JURY'S VERDICT OF 'GUILTY' AS TO THE CHARGED ESCAPE COUNT OF THE INDICTMENT, AND DEFENDANT-APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{¶6}** Mr. Robison argues that the State produced insufficient evidence to support his conviction for escape because the State failed to demonstrate that he was under arrest when he exited Ranger Garris' cruiser. He suggests in the alternative that, even if the evidence was sufficient to find him guilty of escape, such a finding was against the manifest weight of the evidence.

**{¶7}** "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386. While sufficiency is a test of whether the evidence presented is adequate to sustain a verdict as a matter of law, weight of the evidence "concerns the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other." (Internal citations and quotations omitted.) (Emphasis sic.) Id. at 387.

**{¶8}** "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. No. 24731, 2009–Ohio–6955, at ¶18, citing *Thompkins*, 78 Ohio St.3d at 386. The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins*, 78 Ohio St.3d at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility and we make all reasonable inferences in favor of the State. *State v. Jenks* (1991), 61 Ohio St.3d 259, 273. The State's evidence is sufficient if "any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.

**{¶9}** A jury convicted Mr. Robison of violating R.C 2921.34(A)(1) by committing escape. R.C. 2921.34(A)(1) provides that "[n]o person, knowing the person is under detention * * * or being reckless in that regard, shall purposely break or attempt to break the detention[.]" R.C. 2901.22 provides that:

"A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature. [] A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist. [] A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

R.C. 2921.01(E), in pertinent part with regards to these facts, defines detention to mean "arrest [or] confinement in any vehicle subsequent to an arrest[.]"

{¶10} Essentially, Mr. Robison argues the State failed to present sufficient evidence to establish that he was under arrest or, if he was under arrest, that getting out of Ranger Garris' car constituted an attempt to break his detention. Regarding the latter, Officer Valek and Ranger Garris both testified that Mr. Robison had been handcuffed and placed in the police car with its doors closed. If Mr. Robison was under arrest, exiting the vehicle, especially when coupled with his subsequent resistance when Ranger Garris and Officer Valek attempted to detain him again, would qualify as breaking or attempting to break his detention, regardless of whether Mr. Robison exited the car by crawling through the hole in the Plexiglas barrier or, as he suggests in his brief, by opening the unlocked cruiser door. Thus, the central question before us is whether the State produced sufficient evidence to allow a reasonable trier of fact to conclude that Mr. Robison was under arrest when he was initially placed in Ranger Garris' cruiser.

{¶11} "The existence of an arrest is dependent * * * upon the existence of four requisite elements: (1) An intent to arrest, (2) under real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested." *State v. Barker* (1978), 53 Ohio St.2d 135, paragraph one of the syllabus.

Officer Valek testified that, when Ranger Garris first arrived, he told Ranger Garris to arrest Mr. Robison. Ranger Garris testified that at Officer Valek's request, he went to Mr. Robison and told him that he was under arrest, to which Mr. Robison responded: "'No way. I want to * * * see [Ms. Arena].'" This testimony would support the reasonable inference that Mr. Robison was placed under arrest and that he understood he was under arrest. Ranger Garris further testified that, after he told Mr. Robison that he was under arrest, he handcuffed Mr. Robison and put him in the back of his cruiser. Ranger Garris also testified that, after Mr. Robison had gotten out of the vehicle, he told Ranger Garris, "'You ain't taking me in,'" from which one could reasonably infer that Mr. Robison understood that he was under arrest.

{¶12} Based on the testimony of Ranger Garris and Officer Valek, there was sufficient evidence to demonstrate that Mr. Robison knew, or should have known, that he was under arrest and, therefore, detained for the purposes of R.C. 2921.34(A)(1). Furthermore, the two law enforcement officers' testimony — that, after being handcuffed and placed in Ranger Garris' closed cruiser, Mr. Robison exited the cruiser and resisted the officers' attempts to subdue him — was sufficient to establish that Mr. Robison purposefully attempted to break his detention. Accordingly, Mr. Robison's conviction for escape was supported by sufficient evidence.

{¶13} In his assignment of error, Mr. Robison also asserts that his conviction is against the manifest weight of the evidence. However, he does not address manifest weight in his merit brief. We decline to do so as well. See App.R. 12(A)(2) and 16(A)(7); *Deutsche Bank Natl. Trust Co. v. Taylor*, 9th Dist. No. 25281, 2011-Ohio-435, ¶7 ("It is not * * * our duty to create an argument where none is made.").

{¶14} Mr. Robison's assignment of error is overruled.

III.

**{¶15}** Mr. Robison's sole assignment of error is overruled.  The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(E).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
CONCURS

DICKINSON, J.
<u>CONCURS, SAYING:</u>

{¶16} I concur in the majority's judgment and in all of its opinion except Paragraph 13. I would reach the part of Mr. Robison's assignment of error by which he asserts that his conviction is against the manifest weight of the evidence and overrule it on the merits. The jury did not clearly lose its way and create such a manifest miscarriage of justice that Mr. Robison's conviction must be reversed and a new trial ordered. *State v. Otten*, 33 Ohio App. 3d 339, 340 (1986).

<u>APPEARANCES:</u>

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.